IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) 1:22-CR-00025-SPB |
| | ) |
| vs. | ) |
| | ) |
| DAVID STABLEIN, | ) |
| | ) |
| Defendant | ) |

MEMORANDUM ORDER

On February 24, 2023, Defendant David Stablein ("Defendant") pleaded guilty to one count of a criminal information charging him with violating certain provisions of the Clean Air Act, 18 U.S.C. § 371. *See* ECF Nos. 11, 13. Defendant is currently scheduled to be sentenced on July 11, 2025, at 1:30 PM. On June 25, 2025, the United States filed a motion to dismiss the charging information "in the interests of justice." *See* ECF No. 35, p. 1, ¶ 2. The motion was not accompanied by any factual explanation or legal rationale. *See id*.

The Federal Rules of Criminal Procedure provide that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Although the Rule grants prosecutors discretion, the words "with leave of court" were not inserted as a mere formality. Their obvious purpose is to prevent abuse of prosecutorial discretion. *See Rinaldi v. United States*, 434 U.S. 22, 31 (1977). *See also United States v. Benjamin*, 2017 WL 6626321, at *1 (D.V.I. Dec. 28, 2017) *citing Rinaldi*. Indeed, Rule 48(a) was devised to promote a balance of power and to create a check on the previously unbridled power of the prosecutor to dismiss charges at will. *United States v. Abreu*, 747 F. Supp. 493, 502 (N.D. Ind. 1990), *aff'd sub nom.*

1

*United States v. Vasquez*, 966 F.2d 254 (7th Cir. 1992). "[T]he history of ... Rule [48(a)] belies the notion that its only scope and purpose is the protection of the defendant.... [rather, it is] manifestly clear that the Supreme Court intended to clothe the federal courts with the discretion broad enough to protect the public interest in the fair administration of criminal justice." *In re Washington*, 544 F.2d 203, 209 (5th Cir.1976) (citation omitted).

A district court's role under Rule 48(a) is limited but nonetheless meaningful. A judge may deny a Rule 48(a) motion if the prosecution's request is made in bad faith, is clearly contrary to the public interest, or is motivated by considerations inconsistent with fair administration of justice. *United States v. Derr*, 726 F.2d 617 (10th Cir. 1984). The Third Circuit has directed that district judges have "'independent responsibilities' to protect certain rights, interests, and duties" in the context of Rule 48(a). *United States v. Reyes-Romero*, 327 F.Supp.3d 855, 897 (W.D. Pa. 2018) *quoting In re Richards*, 213 F.3d 773, 788 (3d Cir. 2000).

When making a motion under Rule 48(a), the prosecution "has the responsibility of bringing to the court's attention the grounds for dismissal." *United States v. Valdez*, 2023 WL 5934400, at *1 (E.D. Cal. Sept. 12, 2023). Here, the Government's motion offers no explanation or background information to support the requested dismissal beyond its lone reference to the interests of justice. ECF No. 35, p. 1, ¶ 2. The Court recognizes that it "grants considerable deference to the prosecutor under Rule 48(a)." *United States v. Solondz*, 2025 WL 1235272, at *1 (E.D. Cal. Apr. 29, 2025) (citation omitted). But the Court cannot act as a mere rubber stamp. *Reyes-Romero*, 327 F.Supp.3d at 897; *United States v. N.V. Nederlandsche Combinatie, etc.*, 428 F. Supp. 114 (S.D. N.Y.). The Court requires sufficient information to determine whether the proposed dismissal is consistent with the fair administration of justice and serves the public interest. *See Rinaldi*, 434 U.S. at 30–31; *Derr*, 726 F.2d at 619–20.

In the absence of any stated rationale—such as evidentiary insufficiency, legal infirmity, change in circumstances, or policy considerations—the Court is unable to discharge its independent responsibility under Rule 48(a). A mere recitation that dismissal of the criminal information is "in the interests of justice" is insufficient, particularly where the defendant has already pleaded guilty to the underlying charges. The Court must have a factual basis upon which to make an informed judgment. *See In re Richards*, 213 F.3d at 786–87.

AND NOW, this 7th day of July 2025;

IT IS HEREBY ORDERED that the sentencing hearing currently scheduled for July 11, 2025, beginning at 1:30 PM, is hereby POSTPONED.

IT IS FURTHER ORDERED that because the Government has not provided background or explanation to enable the Court to assess whether the dismissal is proper and in the public interest, the Government is directed to file a supporting memorandum, by July 21, 2025, that provides a factual and legal basis sufficient for the Court to evaluate the propriety of the requested dismissal under Rule 48(a).

*[Signature: Susan Paradise Baxter]*

SUSAN PARADISE BAXTER
UNITED STATES DISTRICT JUDGE